# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

JAMES A. BAKER,

    Plaintiff,

    v.

AHL'S AUTO SALES, INC.;
KILLGO AUTO GROUP LLC;
HENRY AHL; BRENDA AHL;
ANTON ORLOV; and JORDAN
MORRIS,

    Defendants.

2:26-CV-028

## ORDER

Before the Court is Plaintiff James Baker's "Emergency Motion for Temporary Restraining Order and Asset Freeze." Dkt. No. 2. Plaintiff, who is proceeding *pro se*, seeks a temporary restraining order ("TRO") to stop Defendants from "dissipat[ing] all assets," a measure Plaintiff argues is necessary to prevent Defendants' insolvency and Plaintiff's inability to recover funds. Id. at 3. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## BACKGROUND

According to Plaintiff, he and Defendants, all of whom are in the business of selling automobiles in Baxley, Georgia, entered into an agreement whereby Plaintiff paid Defendants $23,000 and Defendants promised to deliver a 2018 Lexus LC500 to Plaintiff in

Ohio.  Dkt. No. 2 at 7, 8.  Plaintiff alleges Defendants failed to deliver the vehicle and failed to refund the purchase price to Plaintiff.  Id. at 7.  Plaintiff further alleges that Defendants have removed their inventory of vehicles from their website, Defendants have not responded to emails, phone calls or Plaintiff's demand letter, and Defendants are attempting to conceal their assets to prevent any refund to Plaintiff.  Id. at 10.  The record reflects Defendants have not been served with process or otherwise appeared in this federal action.

## LEGAL AUTHORITY

Federal Rule of Civil Procedure 65(a) states that a "court may issue a preliminary injunction *only on notice* to the adverse party."  Fed. R. Civ. P. 65(a) (emphasis added).  Further, Rule 65(b) states the Court may provide a TRO without notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1)(A)-(B).

## DISCUSSION

The Court does not reach the merits of Plaintiff's claims or request for relief because his motion is procedurally deficient

for failure to comply with any of Rule 65's requirements. To the extent Plaintiff moves for a preliminary injunction, the motion fails at this time because Defendants have not yet been given notice of these proceedings. See Fed. R. Civ. P. 65(a). The Court therefore cannot grant Plaintiff this form of relief at this time.

Plaintiff's motion for a TRO also fails. First, Plaintiff's allegations that Defendants are dissipating and/or concealing their assets to prevent any refund to Plaintiff are purely conjectural. See Dkt. No. 2 at 3, 4, 10. Thus, Plaintiff's motion does not show he will suffer immediate and irreparable injury, loss, or damage before Defendants can be heard. Moreover, Plaintiff fails to certify to the Court any efforts he made to provide notice of these proceedings to Defendants or any reasons why notice should not be required. See Fed. R. Civ. P. 65(b)(1)(B). Notice requirements "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted [to] both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-39 (1974). Accordingly, Plaintiff has not shown that an ex parte TRO is warranted.

## CONCLUSION

For these reasons, Plaintiff's motion for a temporary restraining order, dkt. no. 2, is **DENIED.**

3

**SO ORDERED** this __30__ day of March, 2026.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

4